UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-451-FDW

| | |
|---|---|
| JERRY LEE PITTMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| MECKLENBURG COUNTY MUNICIPALITY, ) | |
| CHARLOTTE MECKLENBURG POLICE ) | |
| DEPARTMENT, FNU SEOLOGY, Sgt., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A. (Doc. No. 1).

### I. BACKGROUND

Pro se Plaintiff Jerry Lee Pittman is a North Carolina state court inmate currently incarcerated at Southern Correctional Institution in Troy, North Carolina. The North Carolina Department of Public Safety website indicates that Plaintiff is serving a sentence of 80 to 105 months imprisonment after pleading guilty in Mecklenburg County Superior Court on May 4, 2011, to attaining the status of habitual felon and possession with intent to sell or deliver a controlled substance. Plaintiff filed this pro se action pursuant to 42 U.S.C. § 1983 on August 19, 2014, naming the following persons and entities as Defendants: Mecklenburg County Municipality, Charlotte-Mecklenburg Police Department, and FNU Selogy, identified as a police officer with the Charlotte-Mecklenburg Police Department. In the Complaint, Plaintiff has attached a motion for appropriate relief, dated August 12, 2014, that he apparently filed in

Mecklenburg County Superior Court, and he asserts that his claims here are delineated in the MAR. In the MAR, Plaintiff alleges that he was subjected to an illegal search and seizure in violation of the Fourth Amendment. Specifically, Plaintiff alleges that on September 2, 2009, Defendant Selogy, an officer with the Charlotte-Mecklenburg Police Department, strip-searched Plaintiff and located cocaine between Plaintiff's buttocks. (Doc. No. 1 at 5). Plaintiff alleges that his defense counsel thereafter refused to file a motion to suppress the evidence found during the search. Plaintiff states that, as relief, he is seeking declaratory and injunctive relief, as well as compensatory and punitive damages. (Id. at 3).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to

ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III.  DISCUSSION

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted; emphasis added).  Having conducted an initial review of the Complaint as required by 28 U.S.C. § 1915, the Court has determined that the Complaint must be dismissed as barred by the principles in Heck v. Humphrey, 512 U.S. 477 (1994).  Here, Plaintiff is challenging his underlying state court conviction and consequent imprisonment.  Plaintiff has not alleged in his Complaint that his underlying conviction has been reversed or otherwise invalidated.  Thus, this Section 1983 action is dismissed as barred by Heck.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss the Complaint.

**IT IS, THEREFORE, ORDERED** that:

1. This action is **DISMISSED**. The Clerk is directed to terminate the case.

Signed: October 31, 2014

Frank D. Whitney
Chief United States District Judge